## SETTLEMENT AND RELEASE AGREEMENT

The Settlement and Release Agreement ("Agreement") is entered into effective November ___, 2018 by and between ALEXANDER HARTNELL (hereinafter referred to as the "Plaintiff"), and STAUBITZ MEAT MARKET, INC., JOHN MCFADDEN, and JOHN MCFADDEN JR. (hereinafter referred to collectively as the "Defendants") (hereinafter, the Plaintiff and Defendants shall collectively be referred to as "Parties"), memorializes a settlement reached and bargained for during arms-length negotiations.

**WHEREAS**, the parties mutually desire to put this protracted litigation to rest without incurring any further expense, and the Plaintiff desires to obtain the payments due to his without further delay, so the parties have entered into this settlement as a reasonable compromise.

## RECITALS

**WHEREAS**, Plaintiff commenced a civil action against Defendants on July 6, 2018 in the United States District Court for the Eastern District of New York, styled *Alexander Hartnell vs. Staubitz Meat Market, Inc., John Mcfadden, and John Mcfadden Jr.*; EDNY Case No. 1:18-cv-03896

**WHEREAS**, Defendants answered the Complaint on October 9, 2018, and denied and continue to deny any and all liability and/or wrongdoing with respect to all of the Plaintiff's claims;

**WHEREAS**, Plaintiff on his own behalf and Defendants now desire to settle fully and finally all wage and hour and related claims that Plaintiff had, have, or may have had against the Defendants, including but not limited to those claims embodied in the aforementioned Complaint without further litigation and without any finding of fact or admission of liability.

1

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. Non-Admission of Liability.

This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any of the Plaintiff's rights. During this litigation, Defendants in their corporate and individual capacities, denied violating any rights of Plaintiff based on federal, state or local law pertaining to employment or on any other bases, including but not limited to those relating to the potential liability for minimum wage compensation, overtime compensation and other violations of law alleged by Plaintiff, such as whether Plaintiff was fully paid for all of his hours, whether he received time and a half, whether he was entitled to spread of hours, whether all record keeping requirements were complied with, and whether there was bad faith and/or willfulness, with respect to which Defendants dispute all of Plaintiff's claims of liability. Accordingly, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for the Plaintiff as set forth herein, and a discharge of rights limited to wage and hour and associated claims, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from any breach hereunder.

2. <u>Settlement Payment and Dismissal</u>

In exchanges for the promises contained in this Agreement, the Defendants in accordance with this Agreement, shall pay to Plaintiff the total settlement amount of Nineteen Thousand Two Hundred Twenty Three Dollars and Fifty Four Cents ($19,223.54) (the "Settlement Amount") to be paid within ten (10) days of the Court approving this Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d. 199 (2d Cir. 2015), as follows:

(a) One check payable to "Alexander Hartnell" in the gross amount of Six Thousand One Hundred Twenty Five Dollars and Eighty Four Cents ($6,125.84), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

(b) One check payable to "Alexander Hartnell" in the gross amount of Six Thousand One Hundred Twenty Five Dollars and Eighty Five Cents ($6,125.85), from which no tax withholdings or deductions shall be taken, representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

(c) One check payable to "William Cafaro, P.C." in the total amount of Six Thousand Nine Hundred Seventy One Dollars and Eighty Five Cents ($6,971.85), representing payment for Plaintiff's claims for attorneys' fees and costs.

The Settlement Amount may be sent in any manner, but must be received in the office of Plaintiff's counsel by the close of business on the due date to be timely, provided however, that if

3

the due date falls on a weekend or federally recognized holiday, the time for payment shall be deemed extended until the close of business on the next following business day.

3.   Default

In the event that any of the Settlement Amount described herein in Paragraph 2, *supra*, are not received in the office of Plaintiff's counsel by the close of business on the due date, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Alan Serrins, Esq. via electronic mail to alan@serrinslaw.com. In the event Defendants fail to cure said late payment or dishonor of any such check within five (5) calendar days from service of said notice, they shall be in default, rendering Defendants jointly and severally liable for the sum of Settlement Amount plus reasonable attorneys' fees and costs in pursuing default and collection.

4.   Release.

In return for the Settlement Amount that is the subject of this Agreement, the Plaintiff agrees to dismiss the Action, with prejudice, and release, waive, acquit and forever discharge Staubitz Meat Market, Inc., John Mcfadden, and John Mcfadden Jr. jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, and representatives ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against any of the Released Parties regarding any matter in connection with his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, recordkeeping violations, and/or any claims of retaliation for having brought or raised any

4

of the foregoing claims, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

5. <u>No Admissions.</u>

While agreeing to compromise and settle their disputes, the Parties deny liability to one another. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto.

6. <u>Modifications.</u>

This Agreement may not be changed orally but may be changed only by an agreement in writing signed by the Parties.

7. <u>Satisfaction With Terms and Counsel; Non-Coercion.</u>

This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligation of the Parties as set forth herein, and in consideration of the receipt of consideration and protections afforded the Plaintiff in the event of Defendants' default. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the

meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

### 8. Legal Fees.

In the event it shall be necessary for any Party hereto to institute or defend a legal action to enforce any of the terms and conditions or provisions contained in this Agreement, or as the result of the breach hereof, the prevailing party in such action or proceeding shall be entitled to the costs and reasonable attorney's fees incurred in pursuing or defending enforcement.

### 9. Jurisdiction.

The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement, and venue for any dispute between the Parties shall be the United States District Court for the Eastern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision shall be treated as a valid venue selection

provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason.

10. <u>Severability</u>

Any provision of the Agreement is held to be invalid, illegal, or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such invalidity, illegality, or unenforceability, without affecting the validity, legality, and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

If any provision is determined to be invalid, illegal, or unenforceable, the remaining provisions of this Agreement shall remain in full force, if the essential terms and conditions of this Agreement for each Party remain valid, binding, and enforceable.

11. <u>Counterparts.</u>

This Agreement, and any of the documents incorporated by reference herein or given as part and parcel hereof, may be executed in a number of identical counterparts, and signature by photocopy, facsimile, pdf, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged.

12. <u>No Waiver</u>.

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. <u>Section Headings.</u>

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

14. <u>Signatures.</u>

This Agreement is valid and binding if signed by the Parties authorized representatives.

15. <u>Construction.</u>

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

16. <u>Knowing Agreement After Consultation With Counsel and Revocation</u>

ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH COUNSEL, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN THE RELEASE LANGUAGE IN THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY

FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT WILL RESULT IN FURTHER LITIGATION WHERE THE DEFENDANTS HAVE AGREED TO PAY THE PLAINTIFF'S ATTORNEYS' FEES AND COSTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

The Parties knowingly and voluntarily sign this Settlement Agreement and Release as of the date(s) set forth below:

**SIGNED AND AGREED TO:**

Dated: January 14 2019

ALEXANDER HARTNELL

STATE OF            )
                    )ss.:
COUNTY OF           )

On _____, 2018 before me personally came to me ALEXANDER HARTNELL known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

# CERTIFICATE OF ACKNOWLEDGMENT OF EXECUTION OF AN INSTRUMENT

Commonwealth of Australia
*(Country)*

State of New South Wales
*(County and/or Other Political Division)*

City of Sydney
*(County and/or Other Political Division)*

} ss

Consulate General of the United States
*(Name of Foreign Service Office)*

I, _____ L. Elizabeth Rudisill, Consul _____

of the United States of America at ____ Sydney, Australia ____

duly commissioned and qualified, do hereby certify that on this day of ____ 01-14-2019 ____, before me personally appeared
Date (mm-dd-yyyy)

Alexander Scott Hartnell who presented his Australian Passport as evidence of identity

*********************************************************************************
*********************************************************************************

to me personally known, and known to me to be the individual-described in, whose name ____ is ____ subscribed to,

and who executed the annexed instrument, and being informed by me of the contents of said instrument ____ he ____

duly acknowledged to me that ____ he ____ executed the same freely and voluntarily for the uses and purposes

therein mentioned.

[SEAL]

*In witness whereof I have hereunto set my hand and official seal the day and year last above written.*

_____
L. Elizabeth Rudisill, Consul     of the United States of America

This document consists of 14 pages, including the Acknowledgement certificate.

NOTE: Wherever practicable all signatures to a document should be included in one certificate.

OF-175 (Formerly FS-88)
01-2009

**SIGNED AND AGREED TO:**

STAUBITZ MEAT MARKET, INC.

Dated: Dec 10, 2018

By: [signature]
Officer and Authorized
Representative

STATE OF New York )
                     )ss.:
COUNTY OF New York )

On Dec 10 2018 before me personally came John McFadden and acknowledged him/herself to be an officer and an Authorized Representative of STAUBITZ MEAT MARKET, INC and that s/he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative.

[signature]
Notary Public

IRIS A. RODRIGUEZ
Notary Public, State of New York
No. [illegible]
Qualified in [illegible] County
Commission Expires 8/28/20

**SIGNED AND AGREED TO:**

Dated: Dec 10, 2018

[signature]
JOHN MCFADDEN

STATE OF New York )
                     )ss.:
COUNTY OF New York )

On Dec. 10, 2018 before me personally came to me JOHN MCFADDEN known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

[signature]
Notary Public

IRIS A. RODRIGUEZ
Notary Public, State of New York
No. 01RO6047475
Qualified in ORANGE County
Commission Expires 8/28/20

10

**SIGNED AND AGREED TO:**

Dated: 12/10/2018

X _____
JOHN MCFADDEN JR.

STATE OF New York )
                           )ss.:
COUNTY OF New York )

On Dec 10, 2018, 2018 before me personally came to me JOHN MCFADDEN JR. known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

IRIS A. RODRIGUEZ
Notary Public, State of New York
No. 01RO6047475
Qualified in ORANGE County
Commission Expires 8/28/2022

11

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALEXANDER HARTNELL,                        Case No. 18-cv-03896

                Plaintiff,

  -vs.-
                                    **VOLUNTARY DISMISSAL**
                                    **WITH PREJUDICE**

STAUBITZ MEAT MARKET, INC.,
JOHN MCFADDEN, and JOHN MCFADDEN JR.

               Defendants.
-----------------------------------------------------------------X

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, through their respective counsel, that the above action be and is hereby dismissed with prejudice, without costs to either party.

    The Court shall retain jurisdiction over the settlement for the purposes of the enforcement of the provisions thereof.

Dated: New York, NY                                          Dated: New York, NY

_____, 2018                          _____, 2018

**LAW OFFICES OF WILLIAM CAFARO**                  **SERRINS & ASSOCIATES LLC**


_____                   _____
Amit Kumar, Esq.                                             Alan Serrins, Esq.
108 West 39th Street, Suite 602                       223 Broadway, Suite 2340
New York, New York 10018                              New York, NY 10279
(212) 583-7400                                               (212) 384-0202
*Attorneys for Plaintiff*                                    *Attorneys for Defendants*


                           SO ORDERED this \_\_\_\_ day
                              of _____, 2018


                           _____

13